**JIAN BO WENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,\* Attorney General, Respondents.**

No. 04–4391–AG.

United States Court of Appeals, Second Circuit.

June 13, 2006.

Dehai Zhang, Flushing, NY, for Petitioner.

Samuel D. Wright, Assistant United States Attorney (for Jim M. Greenlee, United States Attorney, Northern District of Mississippi), Oxford, MS, for Respondent.

Present JON O. NEWMAN, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION** of this petition for review of a decision of the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED,** that the petition for review is **DENIED.**

Jian Bo Weng, A79–682–818, though counsel, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Joseph A. Russelburg. That decision denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA summarily affirmed the IJ's decision, we review the IJ's decision directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). "[W]e may affirm an adverse credibility finding even when the IJ's reasoning is deficient in certain respects, provided that despite any errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision if we were to remand." *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006).

Substantial evidence supports the IJ's finding that there was no nexus between persecution by loan sharks and one of the statutory grounds for eligibility for asylum and withholding of removal. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Weng failed to present evidence to show acquiescence by the Chinese government in any persecution or torture by the loan sharks other than his testimony, which the IJ was entitled to find was

too speculative and vague to support his applications for relief. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

Substantial evidence also supports the IJ's finding that Weng was incredible with respect to his claim that he feared persecution as a Falun Gong practitioner if he were returned to China. Where Weng had already admitted that he did not begin to practice Falun Gong until he was in the United States when a friend recommended it for his health, the IJ could properly have viewed skeptically Weng's later claim that he came to the United States in order to pursue human rights and the freedom to practice Falun Gong. Based on Weng's inconclusive answers to his own lawyer's questions, the IJ could also have reasonably questioned Weng's commitment to continued practice of Falun Gong in China. These could properly have formed the basis for the IJ's adverse credibility determination.

We note, however, that some of the IJ's comments when assessing Weng's Falun Gong claim were improper. The IJ stated, in effect, that Weng seemed like a healthy young man who would have no need of practicing Falun Gong to address any physical or psychological ailments; that Weng would not likely have been worried about his economic situation upon his arrival in the United States because he would have been able to find a job easily; that even if he did experience medical ailments, he would likely have gone to a medical doctor instead of seeking alternative forms of relief; and that public assistance would have been available for him to seek such medical help. These comments were based on nothing more than impermissible speculation and conjecture. *See, e.g., Secaida–Rosales,* 331 F.3d at 307, 312. Additionally improper was the IJ's conclusion that Weng's demonstration of the Falun Gong exercises reflected a minimal

depth of Falun Gong knowledge and learning because the exercises themselves looked very easy and like the type of thing a reasonably intelligent person could learn in fifteen minutes.

Still, despite our strong concern with these comments, we nonetheless affirm based on the IJ's permissible conclusions described above. *See Xiao Ji Chen,* 434 F.3d at 162 (explaining that "[i]f the reviewing court undertakes to determine whether remand would be futile, it should assess the entire record and determine whether, based on the strength of the evidence supporting the error-free findings and the significance of those findings, it is clear that the IJ would adhere to his decision were the petition remanded.").

Accordingly, for the foregoing reasons, the petition for review is **DENIED**.